# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN FOX, | Case No. 1:22-cv-00009-DAD-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE |
| v. | |
| TULARE COUNTY HHSA/CPS, | (ECF No. 8) |
| Defendant. | **FOURTEEN-DAY DEADLINE** |

Shawn Fox ("Plaintiff") is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

On January 3, 2022, Plaintiff filed a complaint in this action. (ECF No. 1.) Along with Plaintiff's complaint, he filed an unsigned application to proceed *in forma pauperis*. (ECF No. 3.) The Court struck the unsigned filing and ordered Plaintiff to file a fully completed application within thirty days or pay the filing fee. (ECF No. 4.) On January 18, 2022, Plaintiff filed his second application to proceed *in forma pauperis*. (ECF No. 5.) The Court struck this application as well because it was not signed by an authorized officer of the institution at which Plaintiff is currently incarcerated and Plaintiff did not attach a copy of his trust account statement. (ECF No. 6.) On February 1, 2022, Plaintiff filed his third application to proceed *in*

1

1 *forma pauperis*. (ECF No. 7.) The Court denied this application because it once again was not 2 properly completed, as the certificate regarding Plaintiff's inmate account had not been 3 completed, nor had Plaintiff attached a certified copy of his trust account statement showing 4 transactions for the past six months, as required. (ECF No. 8.) The Court provided Plaintiff 5 thirty days to submit a compliant application to proceed *in forma pauperis* but cautioned Plaintiff 6 that failure to do so would result in a recommendation that the case be dismissed. (Id.)

## II.
## LEGAL STANDARD

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

## III.
## DISCUSSION

Here, Plaintiff's application to proceed *in forma pauperis* is overdue, he has not paid the filing fee for this action, and he has failed to comply with the Court's order. The Court cannot

1 effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that
2 both the first and second factors weigh in favor of dismissal.

3       The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a
4 presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
5 Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against
6 dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d
7 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose
8 responsibility it is to move a case toward disposition on the merits but whose conduct impedes
9 progress in that direction," as here. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460
10 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

11       Finally, the Court's warning to a party that failure to obey the Court's order will result in
12 dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262;
13 Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's February 2, 2022 order
14 expressly warned Plaintiff that his failure to comply with the Court's order would result in a
15 dismissal of this action. (ECF No. 8.) Thus, Plaintiff had adequate warning that dismissal could
16 result from his noncompliance.

17       Additionally, at this stage in the proceedings there is little available to the Court that
18 would constitute a satisfactory lesser sanction while protecting the Court from further
19 unnecessary expenditure of its scarce resources. Plaintiff has not paid the filing fee, and will
20 likely attempt to proceed *in forma pauperis* in this action, apparently making monetary sanctions
21 of little use, and the preclusion of evidence or witnesses is likely to have no effect given that
22 Plaintiff has ceased litigating his case.

## IV.

## FINDINGS AND RECOMMENDATION

25       Based on the foregoing, the Court finds that dismissal is the appropriate sanction and
26 HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a
27 Court order, failure to pay the filing fee, and for Plaintiff's failure to prosecute this action.

28       These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 11, 2022__

UNITED STATES MAGISTRATE JUDGE